# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
|  | Lead Case No. 05-cv-07097 |
|  | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: |  |
| *William Champion, et al. v. Ameriquest Mortgage Company, Inc., et al.*; Case No. 08-cv-03960 |  |

## DEFENDANT CITIFINANCIAL MORTGAGE COMPANY, INC. N/K/A CITIMORTGAGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant CITIFINANCIAL MORTGAGE COMPANY, INC. N/K/A CITIMORTGAGE, INC. ("Defendant"), by and through its attorneys, answers Plaintiffs WILLIAM and JACKIE CHAMPION; QUINCY L. ALEXANDER; BRENDA L. BRYANT; SCOTT DAVIS; NELSON and CELIA DUPREE; DONNA GUNN; THOMAS E. JORDAN, SR.; JENNIFER H. LOVE; RHONDA M. McCLOUD f/k/a RHONDA D. MALOY; JOHN B. PARKER; JOHNNY PITTS; STEPHEN and RITA RUTLAND; LARRY and MILDRED TOWNSEND; MICHAEL and SHIRLEY WHITE ("Plaintiffs") Complaint as follows.

## COMPLAINT

COME NOW the Plaintiffs and as their Complaint against the defendants aver as follows:

## INTRODUCTION

1.      This suit is brought by a number of consumers residing in this district who entered into mortgage loans with one of the defendants, either Ameriquest Mortgage Company ("Ameriquest") or AMC Mortgage Services, Inc. ("AMC").  Some of these loans were

BN 2174939v1

subsequently assigned to the other defendants.   Each of the Plaintiffs asserts claims against Defendant Ameriquest and/or Defendant AMC arising under the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.  All of the Plaintiffs' claims arise from the same general conduct, seek the same relief, rely upon the same legal theories, require application of the same legal principals and require the same or similar factual determinations.  Each of the Plaintiffs alleges that Ameriquest and/or AMC, the originator of each of the Plaintiffs' loans, failed to make accurate disclosures as required under TILA.  Specifically, Ameriquest and/or AMC failed to provide adequate notice of Plaintiffs' statutory right to cancel the transactions.  As a consequence of the failure to provide adequate notice of the right to cancel, Plaintiffs have retained the right to cancel the transactions.  Each Plaintiff has exercised that right by delivering written notice of an election to cancel in accordance with the requirements of TILA.  As to each of the Plaintiffs, Ameriquest and/or other defendants have wrongfully failed to recognize the rescission and failed to comply with its other TILA obligations with respect to Plaintiffs' loan cancellations.  Plaintiffs seek a court determination that their loan transactions have been rescinded.  Plaintiffs also seek statutory and actual damages for violations of TILA, plus attorney's fees and costs.

**ANSWER:**     **To the extent a response to this paragraph is required, Defendant responds as follows:  The documents speak for themselves; therefore, no answer is required.  To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

## JURISDICTION

2.     This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331.

**ANSWER:**     **Defendant does not dispute subject matter jurisdiction.  Defendant denies any remaining allegations of paragraph 2.**

## THE PARTIES

3.      Plaintiffs are all of full age of majority and reside in this district.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

4.      Defendant Ameriquest Mortgage Company ("Ameriquest") is a foreign corporation with its principal place of business in Orange, California.  At all relevant times, Ameriquest was engaged in the making and/or selling of federally related residential mortgage loans.  Ameriquest does business in this district by making, holding and/or selling loans secured by residential real property within this district.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

5.      Defendant AMC Mortgage Services, Inc. ("AMC") is a foreign corporation with its principal place of business in California.  It is a wholly-owned subsidiary of ACC Capital Holdings Corporation.  AMC Mortgage Services, Inc. at one point serviced some or all of the Plaintiffs' mortgages that were originated by Ameriquest and/or AMC.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

6.      Defendant ACC Capital Holdings Corporation ("ACC") is a foreign corporation with its principal place of business in California, and is the parent company for Ameriquest Mortgage Company and AMC Mortgage Services, Inc.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

7.      Defendant Citi Residential Lending, Inc. ("Citi") is a foreign corporation with its principal place of business in California, and upon information and belief is currently servicing,

or has otherwise obtained the loans of William and Jackie Champion, Quincy Alexander, Brenda

L. Bryant, Nelson and Celia Dupree, Donna Gunn, Thomas E. Jordan, Sr., Jennifer H. Love,

Rhonda M. McCloud f/k/a Rhonda D. Maloy, John B. Parker, Johnny Pitts, Stephen and Rita

Rutland, and Michael and Shirley White, and claims the right to receive payments thereunder

and does business in this district.  Citi purchased AMC, therefore as the transferee of Plaintiffs'

mortgages, Citi can be held responsible for the liabilities of the transferor.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

       8.    Defendant Citifinancial Mortgage ("Citifinancial") is a foreign corporation with

its principal place of business in Texas, and upon information and belief is currently servicing, or

has otherwise obtained the loan of Larry and Mildred Townsend, and claims the right to receive

payments thereunder and does business in this district.

**ANSWER:** **Defendant admits that Citifinancial Mortgage Company, Inc. by merger is now known as CitiMortgage, Inc.  Defendant admits that it is a Delaware corporation with a place of business in Irving, Texas.  Defendant admits that it acts as the servicer for the Townsend loan.  Defendant denies all remaining allegations of paragraph 8.**

       9.    Defendant America's Servicing Company ("ASC") is a foreign corporation with

its principal place of business in Iowa, and upon information and belief is currently servicing, or

has otherwise obtained the loan of Scott Davis, and claims the right to receive payments

thereunder and does business in this district.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

## FACTS

**Applicable Truth in Lending Act Requirements**

      10.    Each of the Plaintiffs' loans is subject to the federal Truth in Lending Act, 15

U.S.C. § 1601 et seq., ("TILA") and its implementing regulations, 12 C.F.R. Part 226 ("Reg. Z").

TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions. This three-day right to cancel applies to each of the Plaintiffs' loans.

**ANSWER:**     **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies nay wrongdoing and denies any liability to Plaintiffs.**

11.     Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction;" (2) the "delivery of the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA.  Section 1635(a) requires that each borrower, or any other person whose home ownership interest may be compromised by a credit transaction, must receive two (2) copies of completed notices specifying the precise day upon which the cancellation period expires.  12 C.F.R. § 226.23(b)(1) (emphasis added).  This notice is required to be on a separate piece of paper and it must contain the date the rescission period ends.  12 C.F.R. § 226.23(b)(1).  If the required notice of cancellation is not provided, then the right to cancel extends up to three years after the date of the loan.  15 U.S.C. § 1635(f).

**ANSWER:**     **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies nay wrongdoing and denies any liability to Plaintiffs.**

12.     The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

**ANSWER:**     **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies nay wrongdoing and denies any liability to Plaintiffs.**

13.     A consumer may exercise the right to cancel a transaction by delivery of a written notification of the consumer's election to cancel the transaction to the creditor's place of business.  Notice is effective upon mailing and notice on the agent servicing the loan is effective notice on the holder of the mortgage.  12 C.F.R. § 226.23(a)(2).

**ANSWER:**    **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies nay wrongdoing and denies any liability to Plaintiffs.**

14.    When a consumer rescinds a transaction, the security interest giving rise to the right of rescission immediately becomes void and the consumer is not liable for any amount, including any finance charge.  15 U.S.C. § 1635(b).

**ANSWER:**    **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies nay wrongdoing and denies any liability to Plaintiffs.**

15.    Within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and shall take all action necessary or appropriate to reflect the termination of any security interest created under the transaction.  15 U.S.C. § 1635(b); 12 C.F.R. § 226.23(d).  Upon and after performance of the creditor's aforementioned obligations under 15 U.S.C. § 1635(b), including the voiding of the security interest and return to the borrower of all money received from the borrower, the borrower may have an obligation to tender the loan proceeds to the creditor to the extent practicable or equitable.

**ANSWER:**    **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies nay wrongdoing and denies any liability to Plaintiffs.**

16.    As to Plaintiffs Quincy Alexander's loan, Scott Davis' loan, Donna Gunn's loan, and Rhonda M. McCloud's loan, Ameriquest failed to provide the required notices of the Plaintiff's right to cancel.  The form notices that were supplied to Plaintiffs were blank, unsigned, and not dated.  At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

**ANSWER:**    **To the extent this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

17.     As to Plaintiffs William and Jackie Champion's loan, Brenda L. Bryant's loan, Nelson and Celia Dupree's loan, Thomas E. Jordan, Sr.'s loan, Jennifer H. Love's loan, John B. Parker's loan, Johnny Pitts' loan, Stephen and Rita Rutland's loan, Larry and Mildred Townsend's loan, and Michael and Shirley White's loan, Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute. At no point at or after closing were Plaintiffs provided with the correct number of completed right to cancel forms.

**ANSWER:     To the extent this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

18.     With respect to some of the Plaintiffs' loans, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

**ANSWER:     To the extent this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

19.     Pursuant to TILA, 15 U.S.C. § 1635(b), Plaintiffs have retained a right to rescind their mortgage with respect to their loan with Ameriquest and/or AMC.

**ANSWER:     Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

20.     Each of the Plaintiffs have exercised the right to cancel the transaction and has notified Ameriquest, and also Citi along with Citifinancial and ASC for some of the loans, of the

election to cancel as required by 15 U.S.C. § 1635. As to each of the Plaintiffs, Ameriquest, Citi, Citifinancial and/or ASC has failed to take steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loans.

**ANSWER:**    **To the extent this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

21.    Ameriquest, Citi, Citifinancial and ASC are a "creditor" as that term is defined at 15 U.S.C. 1602(f).

**ANSWER:**    **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant admits the allegations of this paragraph that relate to it. As to the other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

**The Champion Loan**

22.    Plaintiffs William and Jackie Champion are adult residents of Elmore County, Alabama and at all material times resided at 1372 Myrick Road in Elmore, Alabama.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

23.    On or about June 1, 2005, Mr. and Mrs. Champion obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $148,500.00 and was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereafter referred to as the "Champion Loan").

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

24.    Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute. At no point at or after closing were Plaintiffs provided with the correct number of completed right to cancel forms.

- 8 -

**ANSWER:**    **To the extent this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

25.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. and Mrs. Champion retained their right to cancel the transaction.

**ANSWER:**    **To the extent this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

26.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

27.    By letter dated April 17, 2008, Plaintiffs, through their attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

28.    The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

**ANSWER:**    **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

29.    Despite having received notice of Plaintiffs' election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a

violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said

security interest is void upon delivery of the notice of the election to cancel.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

    30.    Ameriquest, prior to the delivery of the notice of Plaintiffs' election to cancel,

retained a security interest in the real estate used by Plaintiffs as their principal dwelling.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

## COUNT ONE

**TILA Violations-Champion**

    31.    Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

**ANSWER:** **Defendant reasserts its responses to all of the preceding allegations in response to this paragraph.**

    32.    Plaintiffs have properly and effectively cancelled and rescinded the Champion

Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

**ANSWER:** **Because paragraph 32 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

    33.    Defendants have violated TILA, with respect to the Champion Loan, in at least

the following ways:

    (A)    By failing to take actions after rescission as required by 15 U.S.C.§

1635(b), including the steps necessary or appropriate to reflect the

termination of the security interest and returning all money paid by

Plaintiffs in connection with the loan; and

(B)     By failing to give proper notice of Plaintiffs' right to cancel the

transaction.

**ANSWER:     Because paragraph 33 states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

WHEREFORE, Plaintiffs William and Jackie Champion respectfully request that this Court enter judgment against Ameriquest and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

B)     Actual damages in an amount to be determined at trial;

C)     Rescission of the Champion Loan, including a declaration that the Plaintiffs are not liable for any finance charges or other charges imposed;

D)     A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)     Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)     A declaration that Plaintiffs have no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)     An award of reasonable attorney fees and costs; and

H)     Such other relief at law or equity as this Court may deem just and proper.

**ANSWER:     Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

BN 2174939v1

**The Alexander Loan**

34.    Plaintiff Quincy Alexander is an adult resident of Russell County, Alabama and at all material times resided at 1507 8th Place, South in Phenix City, Alabama.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

35.    On or about April 23, 2005, Mr. Alexander obtained a residential real estate mortgage loan with Ameriquest.  The total amount of the loan was $81,450.00 and was secured by a mortgage security interest in Plaintiff's home.  (This loan is hereafter referred to as the "Alexander Loan").

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

36.    Ameriquest failed to provide the required notices of the Plaintiff's right to cancel his loan.  The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of his right to cancel the transaction.

**ANSWER:    To the extent that this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

37.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. Alexander retained his right to cancel the transaction.

**ANSWER:    To the extent that this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

38.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

39.     By letter dated March 26, 2008, Plaintiff, through his attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

40.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U. S .C. § 1641(c).

**ANSWER:**     **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

41.     Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

**ANSWER:**     **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

42.     Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as his principal dwelling.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

- 13 -

## COUNT TWO

**TILA Violations-Alexander**

43.     Plaintiff realleges all the preceding allegations referenced as if set out here in full.

**ANSWER:     Defendant reasserts its responses to the preceding allegations in response to this paragraph.**

44.     Plaintiff has properly and effectively cancelled and rescinded the Alexander Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

**ANSWER:     Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

45.     Defendants have violated TILA, with respect to the Alexander Loan, in at least the following ways:

        (A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

        (B)     By failing to give proper notice of Plaintiff's right to cancel the transaction.

**ANSWER:     Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

WHEREFORE, Plaintiff Quincy Alexander respectfully requests that this Court enter judgment against Ameriquest and in his favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

        A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

        B)     Actual damages in an amount to be determined at trial;

- 14 -

C)     Rescission of the Alexander Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)     A declaration that the security interest in Plaintiffs property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)     A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)     An award of reasonable attorney fees and costs; and

H)     Such other relief at law or equity as this Court may deem just and proper.

**ANSWER:**     **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

**The Bryant Loan**

46.     Plaintiff Brenda L. Bryant is an adult resident of Montgomery County, Alabama and at all material times resided at 3208 Capwood Curve in Montgomery, Alabama.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

47.     On or about April 20, 2005, Ms. Bryant obtained a residential real estate mortgage loan with Ameriquest.  The total amount of the loan was $63,000.00 and was secured by a mortgage security interest in Plaintiff's home.  (This loan is hereafter referred to as the "Bryant Loan").

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

48.    Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute. At no point at or after closing was Plaintiff provided with the correct number of completed right to cancel forms.

**ANSWER:**    **To the extent this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

49.    With respect to the Bryant loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

**ANSWER:**    **To the extent that this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

50.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Ms. Bryant retained her right to cancel the transaction.

**ANSWER:**    **To the extent that this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

51.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

BN 2174939v1

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

52.    By letter dated April 11, 2008, Plaintiff, through her attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

53.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

**ANSWER:**    **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

54.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

**ANSWER:**    **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

55.    Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as her principal dwelling.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

## COUNT THREE

### TILA Violations-Bryant

56.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

**ANSWER:**    **Defendant reasserts its responses to the preceding allegations in response to this paragraph.**

57.    Plaintiff has properly and effectively cancelled and rescinded the Bryant Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

**ANSWER:**    **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

58.    Defendants have violated TILA, with respect to the Bryant Loan, in at least the following ways:

      (A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

      (B)    By failing to give proper notice of Plaintiff's right to cancel the transaction.

**ANSWER:**    **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

WHEREFORE, Plaintiff Brenda L. Bryant respectfully requests that this Court enter judgment against Ameriquest and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

      A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

      B)    Actual damages in an amount to be determined at trial;

- 18 -

C) Rescission of the Bryant Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D) A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E) Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F) A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G) An award of reasonable attorney fees and costs; and

H) Such other relief at law or equity as this Court may deem just and proper.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

**The Davis Loan**

59. Plaintiff Scott Davis is an adult resident of Montgomery County, Alabama and at all material times resided at 1908 Plum Street in Montgomery, Alabama.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

60. On or about April 22, 2005, Mr. Davis obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $83,398.00 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Davis Loan").

- 19 -

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

61.     Ameriquest failed to provide the required notices of the Plaintiff's right to cancel his loan.  The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of his right to cancel the transaction.

**ANSWER:**     **To the extent that this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

62.     With respect to the Davis loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.  The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned and undated.

**ANSWER:**     **To the extent this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

63.     As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. Davis retained his right to cancel the transaction.

**ANSWER:**     **To the extent that this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

64.     On information and belief this mortgage loan was assigned to, or was otherwise obtained by ASC.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

65.    By letter dated April 11, 2008, Plaintiff, through his attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

66.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

**ANSWER:**    **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

67.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

**ANSWER:**    **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

68.    Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as his principal dwelling.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

## COUNT FOUR

### TILA Violations-Davis

69.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

**ANSWER:    Defendant reasserts its responses to the preceding allegations in response to this paragraph.**

70.    Plaintiff has properly and effectively cancelled and rescinded the Davis Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

**ANSWER:    Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

71.    Defendants have violated TILA, with respect to the Davis Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)    By failing to give proper notice of Plaintiff's right to cancel the transaction.

**ANSWER:    Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

WHEREFORE, Plaintiff Scott Davis respectfully requests that this Court enter judgment against Ameriquest and in his favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

- 22 -

C)      Rescission of the Davis Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)      A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)      Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)      A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)      An award of reasonable attorney fees and costs; and

H)      Such other relief at law or equity as this Court may deem just and proper.

**ANSWER:**    **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

**The Dupree Loan**

72.      Plaintiffs Nelson and Celia Dupree are adult residents of Montgomery County, Alabama and at all material times resided at 5688 Carriage Brook Road in Montgomery, Alabama.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

73.      On or about September 9, 2006, Mr. and Mrs. Dupree obtained a residential real estate mortgage loan with AMC.  The total amount of the loan was $125,400.00 and was secured by a mortgage security interest in Plaintiffs' home.  (This loan is hereafter referred to as the "Dupree Loan").

- 23 -

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

74.    AMC failed to provide the correct number of completed right to cancel forms as required under the statute.  At no point at or after closing were Plaintiffs provided with the correct number of completed right to cancel forms.

**ANSWER:    To the extent that this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

75.    With respect to the Dupree loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.  The "One-Week" "notice" is confusing, has the effect of obscuring the borrowers' actual statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned and undated.

**ANSWER:    To the extent that this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

76.    As a result of AMC's failure to provide the notices and disclosures required by TILA, Mr. and Mrs. Dupree retained their right to cancel the transaction.

**ANSWER:    To the extent that this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

77.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

78.     By letter dated April 11, 2008, Plaintiffs, through their attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

79.     The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

**ANSWER:**     **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

80.     Despite having received notice of Plaintiffs' election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

**ANSWER:**     **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

81.     AMC, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in the real estate used by Plaintiffs as their principal dwelling.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

## COUNT FIVE

### TILA Violations-Dupree

82.     Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

**ANSWER:**    **Defendant reasserts its responses to the preceding allegations in response to this paragraph.**

83.    Plaintiffs have properly and effectively cancelled and rescinded the Dupree Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

**ANSWER:**    **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

84.    Defendants have violated TILA, with respect to the Dupree Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B)    By failing to give proper notice of Plaintiffs' right to cancel the transaction.

**ANSWER:**    **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

WHEREFORE, Plaintiffs Nelson and Celia Dupree respectfully request that this Court enter judgment against AMC and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Dupree Loan, including a declaration that the Plaintiffs are not liable for any finance charges or other charges imposed;

- 26 -

D)      A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)      Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)      A declaration that Plaintiffs have no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring AMC to accept tender on reasonable terms and over a reasonable period of time;

G)      An award of reasonable attorney fees and costs; and

H)      Such other relief at law or equity as this Court may deem just and proper.

**ANSWER:      Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

**The Gunn Loan**

85.      Plaintiff Donna Gunn is an adult resident of Montgomery County, Alabama and at all material times resided at 4312 Mabson Drive in Montgomery, Alabama.

**ANSWER:      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

86.      On or about September 6, 2005, Ms. Gunn obtained a residential real estate mortgage loan with Ameriquest.  The total amount of the loan was $151,200.00 and was secured by a mortgage security interest in Plaintiff's home.  (This loan is hereafter referred to as the "Gunn Loan").

**ANSWER:      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

87.     Ameriquest failed to provide the required notices of the Plaintiff's right to cancel her loan.  The form notices that were supplied to the Plaintiff were blank, unsigned and not dated.  At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

**ANSWER:     To the extent that this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

88.     As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Ms. Gunn retained her right to cancel the transaction.

**ANSWER:     To the extent that this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

89.     On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

90.     By letter dated March 3, 2008, Plaintiff, through her attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

91.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

**ANSWER:     Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

- 28 -

92.     Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

**ANSWER:     Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

93.     Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as her principal dwelling.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

## COUNT SIX

### TILA Violations-Gunn

94.     Plaintiff realleges all the preceding allegations referenced as if set out here in full.

**ANSWER:     Defendant reasserts its responses to the preceding allegations in response to this paragraph.**

95.     Plaintiff has properly and effectively cancelled and rescinded the Gunn Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

**ANSWER:     Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

96.     Defendants have violated TILA, with respect to the Gunn Loan, in at least the following ways:

(A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the

termination of the security interest and returning all money paid by

Plaintiff in connection with the loan; and

(B)    By failing to give proper notice of Plaintiff's right to cancel the

transaction.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

WHEREFORE, Plaintiff Donna Gunn respectfully requests that this Court enter judgment against Ameriquest and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Gunn Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**ANSWER:**    **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

**The Jordan Loan**

97.    Plaintiff Thomas E. Jordan, Sr. is an adult resident of Montgomery County, Alabama and at all material times resided at 3538 Vaughan Road in Montgomery, Alabama.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

98.    On or about November 11, 2005, Mr. Jordan obtained a residential real estate mortgage loan with Ameriquest.  The total amount of the loan was $275,500.00 and was secured by a mortgage security interest in Plaintiff's home.  (This loan is hereafter referred to as the "Jordan Loan").

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

99.    Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute.  At no point at or after closing was Plaintiff or his spouse provided with the correct number of completed right to cancel forms.

**ANSWER:**    **To the extent that this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

100.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. Jordan retained his right to cancel the transaction.

**ANSWER:**    **To the extent that this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

BN 2174939v1

101.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

102.    By letter dated April 11, 2008, Plaintiff, through his attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

103.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U. S .C. § 1641(c).

**ANSWER:    Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

104.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

**ANSWER:    Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

105.    Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as his principal dwelling.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

BN 2174939v1

## COUNT SEVEN

### TILA Violations-Jordan

106.     Plaintiff realleges all the preceding allegations referenced as if set out here in full.

**ANSWER:**     **Defendant reasserts its responses to the preceding allegations in response to this paragraph.**

107.     Plaintiff has properly and effectively cancelled and rescinded the Jordan Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

**ANSWER:**     **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

108.     Defendants have violated TILA, with respect to the Jordan Loan, in at least the following ways:

>     (A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

>     (B)     By failing to give proper notice of Plaintiff's right to cancel the transaction.

**ANSWER:**     **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

WHEREFORE, Plaintiff Thomas E. Jordan, Sr. respectfully requests that this Court enter judgment against Ameriquest and in his favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

>     A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

>     B)     Actual damages in an amount to be determined at trial;

C)      Rescission of the Jordan Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)      A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)      Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)      A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)      An award of reasonable attorney fees and costs; and

H)      Such other relief at law or equity as this Court may deem just and proper.

**ANSWER:    Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

**The Love Loan**

109.    Plaintiff Jennifer H. Love is an adult resident of Elmore County, Alabama and at all material times resided at 223 Denise Drive in Prattville, Alabama.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

110.    On or about September 22, 2005, Mrs. Love obtained a residential real estate mortgage loan with Ameriquest.  The total amount of the loan was $80,155.00 and was secured by a mortgage security interest in Plaintiff's home.  (This loan is hereafter referred to as the "Love Loan").

- 34 -

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

111.    Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute.  At no point at or after closing was Plaintiff or her spouse provided with the correct number of completed right to cancel forms.

**ANSWER:    To the extent that this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

112.    With respect to the Love loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.  The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned and undated.

**ANSWER:    To the extent that this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

113.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mrs. Love retained her right to cancel the transaction.

**ANSWER:    To the extent that this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

114.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

115.    By letter dated April 24, 2008, Plaintiff, through her attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

116.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

**ANSWER:**    **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

117.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

**ANSWER:**    **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

118.    Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as her principal dwelling.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

BN 2174939v1

## COUNT EIGHT

### TILA Violations-Love

119.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

**ANSWER:**    **Defendant reasserts its responses to the preceding allegations in response to this paragraph.**

120.    Plaintiff has properly and effectively cancelled and rescinded the Love Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

**ANSWER:**    **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

121.    Defendants have violated TILA, with respect to the Love Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)    By failing to give proper notice of Plaintiff's right to cancel the transaction.

**ANSWER:**    **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

WHEREFORE, Plaintiff Jennifer H. Love respectfully requests that this Court enter judgment against Ameriquest and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)     Rescission of the Love Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)     A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)     A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)     An award of reasonable attorney fees and costs; and

H)     Such other relief at law or equity as this Court may deem just and proper.

**ANSWER:     Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

**The McCloud Loan**

122.    Plaintiff Rhonda M. McCloud f/k/a Rhonda D. Maloy is an adult resident of Macon County, Alabama and at all material times resided at 200 Redland Road in Shorter, Alabama.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

123.    On or about July 20, 2005, Mrs. McCloud obtained a residential real estate mortgage loan with Ameriquest.  The total amount of the loan was $64,600.00 and was secured by a mortgage security interest in Plaintiff's home.  (This loan is hereafter referred to as the "McCloud Loan").

- 38 -

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

124.    Ameriquest failed to provide the required notices of the Plaintiff's right to cancel her loan.  The form notices that were supplied to the Plaintiff were blank, unsigned and not dated.  At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

**ANSWER:**    **To the extent that this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

125.    With respect to the McCloud loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.  The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned and undated.

**ANSWER:**    **To the extent that this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

126.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mrs. McCloud retained her right to cancel the transaction.

**ANSWER:**    **To the extent that this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

127.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.

128.   By letter dated April 9, 2008, Plaintiff, through her attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.

129.   The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

**ANSWER:** Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.

130.   Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

**ANSWER:** Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.

131.   Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as her principal dwelling.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.

## COUNT NINE

### TILA Violations-McCloud

132.     Plaintiff realleges all the preceding allegations referenced as if set out here in full.

**ANSWER:**     **Defendant reasserts its responses to the preceding allegations in response to this paragraph.**

133.     Plaintiff has properly and effectively cancelled and rescinded the McCloud Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

**ANSWER:**     **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

134.     Defendants have violated TILA, with respect to the McCloud Loan, in at least the following ways:

> (A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and
>
> (B)     By failing to give proper notice of Plaintiffs right to cancel the transaction.

**ANSWER:**     **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

WHEREFORE, Plaintiff Rhonda M. McCloud respectfully requests that this Court enter judgment against Ameriquest and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

> A)     Statutory damages as provided in 15 U.S.C. § 1640(a);
>
> B)     Actual damages in an amount to be determined at trial;
>
> C)     Rescission of the McCloud Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

BN 2174939v1

D)    A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**ANSWER:**    **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

**The Parker Loan**

135.    Plaintiff John B. Parker is an adult resident of Autuaga County, Alabama and at all material times resided at 431 Water Street in Prattville, Alabama.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

136.    On or about March 21, 2005, Mr. Parker obtained a residential real estate mortgage loan with Ameriquest.  The total amount of the loan was $61,200.00 and was secured by a mortgage security interest in Plaintiff's home.  (This loan is hereafter referred to as the "Parker Loan").

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

137.    Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute.  At no point at or after closing was Plaintiff or his spouse provided with the correct number of completed right to cancel forms.

**ANSWER:    To the extent that this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

138.    With respect to the Parker loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.  The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned and undated.

**ANSWER:    To the extent that this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

139.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. Parker retained his right to cancel the transaction.

**ANSWER:    To the extent that this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

140.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

- 43 -

141.    By letter dated March 14, 2008, Plaintiff, through his attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

142.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

143.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

144.    Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as his principal dwelling.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

## COUNT TEN

### TILA Violations-Parker

145.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

**ANSWER:**    **Defendant reasserts its responses to the preceding allegations in response to this paragraph.**

146.    Plaintiff has properly and effectively cancelled and rescinded the Parker Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

**ANSWER:**    **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

147.    Defendants have violated TILA, with respect to the Parker Loan, in at least the following ways:

> (A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and
>
> (B)    By failing to give proper notice of Plaintiff's right to cancel the transaction.

**ANSWER:**    **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

WHEREFORE, Plaintiff John B. Parker respectfully requests that this Court enter judgment against Ameriquest and in his favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

> A)    Statutory damages as provided in 15 U.S.C. § 1640(a);
>
> B)    Actual damages in an amount to be determined at trial;
>
> C)    Rescission of the Parker Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)      A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)      Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)      A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)      An award of reasonable attorney fees and costs; and

H)      Such other relief at law or equity as this Court may deem just and proper.

**ANSWER:    Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

**The Pitts Loan**

148.    Plaintiff Johnny Pitts is an adult resident of Lee County, Alabama and at all material times resided at 6105 Lee Road 390 in Opelika, Alabama.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

149.    On or about September 9, 2005, Mr. Pitts obtained a residential real estate mortgage loan with Ameriquest.  The total amount of the loan was $126,000.00 and was secured by a mortgage security interest in Plaintiff's home.  (This loan is hereafter referred to as the "Pitts Loan").

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

BN 2174939v1

150.    Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute. At no point at or after closing was Plaintiff or his spouse provided with the correct number of completed right to cancel forms.

**ANSWER:    To the extent that this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

151.    With respect to the Pitts loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

**ANSWER:    To the extent that this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

152.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. Pitts retained his right to cancel the transaction.

**ANSWER:    To the extent that this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

153.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

154.    By letter dated April 17, 2008, Plaintiff, through his attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

155.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

**ANSWER:**    **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

156.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

**ANSWER:**    **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

157.    Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as his principal dwelling.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

## COUNT ELEVEN

### TILA Violations-Pitts

158.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

**ANSWER:**     **Defendant reasserts its responses to the preceding allegations in response to this paragraph.**

159.     Plaintiff has properly and effectively cancelled and rescinded the Pitts Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

**ANSWER:**     **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

160.     Defendants have violated TILA, with respect to the Pitts Loan, in at least the following ways:

> (A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and
>
> (B)     By failing to give proper notice of Plaintiff's right to cancel the transaction.

**ANSWER:**     **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

WHEREFORE, Plaintiff Johnny Pitts respectfully requests that this Court enter judgment against Ameriquest and in his favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

> A)     Statutory damages as provided in 15 U.S.C. § 1640(a);
>
> B)     Actual damages in an amount to be determined at trial;
>
> C)     Rescission of the Pitts Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**ANSWER:**    **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

**The Rutland Loan**

161.    Plaintiffs Stephen and Rita Rutland are adult residents of Lee County, Alabama and at all material times resided at 1121 Overwood Place in Auburn, Alabama.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

162.    On or about March 14, 2006, Mr. and Mrs. Rutland obtained a residential real estate mortgage loan with Ameriquest.  The total amount of the loan was $121,000.00 and was secured by a mortgage security interest in Plaintiffs' home.  (This loan is hereafter referred to as the "Rutland Loan").

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

163.    Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute. At no point at or after closing were Plaintiffs provided with the correct number of completed right to cancel forms.

**ANSWER:    To the extent that this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

164.    With respect to the Rutland loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrowers' actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

**ANSWER:    To the extent that this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

165.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. and Mrs. Rutland retained their right to cancel the transaction.

**ANSWER:    To the extent that this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

166.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

167.    By letter dated April 17, 2008, Plaintiffs, through their attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

168.    The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U. S .C. § 1641(c).

**ANSWER:**    **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

169.    Despite having received notice of Plaintiffs' election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

**ANSWER:**    **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

170.    Ameriquest, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in the real estate used by Plaintiffs as their principal dwelling.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

## COUNT TWELVE

### TILA Violations-Rutland

171.    Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

**ANSWER:**     **Defendant reasserts its responses to the preceding allegations in response to this paragraph.**

172.    Plaintiffs have properly and effectively cancelled and rescinded the Rutland Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

**ANSWER:**     **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

173.    Defendants have violated TILA, with respect to the Rutland Loan, in at least the following ways:

    (A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

    (B)     By failing to give proper notice of Plaintiffs' right to cancel the transaction.

**ANSWER:**     **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

WHEREFORE, Plaintiffs Stephen and Rita Rutland respectfully request that this Court enter judgment against Ameriquest and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

    A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

    B)     Actual damages in an amount to be determined at trial;

    C)     Rescission of the Rutland Loan, including a declaration that the Plaintiffs are not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)    Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiffs have no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**ANSWER:    Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

**The Townsend Loan**

174.    Plaintiffs Larry and Mildred Townsend are adult residents of Autauga County, Alabama and at all material times resided at 1905 Holly Brook Lane in Prattville, Alabama.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

175.    On or about December 15, 2005, Mr. and Mrs. Townsend obtained a residential real estate mortgage loan with AMC.  The total amount of the loan was $319,500.00 and was secured by a mortgage security interest in Plaintiffs' home.  (This loan is hereafter referred to as the "Townsend Loan").

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

176.    AMC failed to provide the correct number of completed right to cancel forms as required under the statute.  At no point at or after closing were Plaintiffs provided with the correct number of completed right to cancel forms.

**ANSWER:    To the extent that this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

177.    As a result of AMC's failure to provide the notices and disclosures required by TILA, Mr. and Mrs. Townsend retained their right to cancel the transaction.

**ANSWER:    To the extent that this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

178.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citifinancial Mortgage.

**ANSWER:    Defendant admits that it acts as servicer for the Townsend loan.  Defendant denies any remaining allegations of paragraph 178.**

179.    By letter dated April 11, 2008, Plaintiffs, through their attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

180.    The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

**ANSWER:    Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

BN 2174939v1

181.    Despite having received notice of Plaintiffs' election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

**ANSWER:    Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

182.    AMC, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in the real estate used by Plaintiffs as their principal dwelling.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

## COUNT THIRTEEN

### TILA Violations-Townsend

183.    Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

**ANSWER:    Defendant reasserts its responses to the preceding allegations in response to this paragraph.**

184.    Plaintiffs have properly and effectively cancelled and rescinded the Townsend Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

**ANSWER:    Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

185.    Defendants have violated TILA, with respect to the Townsend Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the

termination of the security interest and returning all money paid by

Plaintiffs in connection with the loan; and

(B)    By failing to give proper notice of Plaintiffs' right to cancel the

transaction.

**ANSWER:**    **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

WHEREFORE, Plaintiffs Larry and Mildred Townsend respectfully request that this Court enter judgment against AMC and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Townsend Loan, including a declaration that the Plaintiffs are not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)    Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiffs have no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring AMC to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

- 57 -

**ANSWER:**    **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

**The White Loan**

186.    Plaintiffs Michael and Shirley White are adult residents of Macon County, Alabama and at all material times resided at 2825 Heritage Hill Road in Tuskegee, Alabama.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

187.    On or about April 19, 2005, Mr. and Mrs. White obtained a residential real estate mortgage loan with Ameriquest.  The total amount of the loan was $177,300.00 and was secured by a mortgage security interest in Plaintiffs' home.  (This loan is hereafter referred to as the "White Loan").

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

188.    Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute.  At no point at or after closing were Plaintiffs provided with the correct number of completed right to cancel forms.

**ANSWER:**    **To the extent that this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

189.    With respect to the White loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.  The "One-Week" "notice" is confusing, has the effect of obscuring the borrowers' actual statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned and undated.

**ANSWER:**      **To the extent that this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

190.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. and Mrs. White retained their right to cancel the transaction.

**ANSWER:**      **To the extent that this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

191.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

192.    By letter dated April 11, 2008, Plaintiffs, through their attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

193.    The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

**ANSWER:**      **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

194.    Despite having received notice of Plaintiffs' election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan.  The failure to take such steps is a

violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said

security interest is void upon delivery of the notice of the election to cancel.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

195.    Ameriquest, prior to the delivery of the notice of Plaintiffs' election to cancel,

retained a security interest in the real estate used by Plaintiffs as their principal dwelling.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

## COUNT FOURTEEN

### TILA Violations-White

196.    Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

**ANSWER:** **Defendant reasserts its responses to the preceding allegations in response to this paragraph.**

197.    Plaintiffs have properly and effectively cancelled and rescinded the White Loan in

accordance with the rights and procedure set out in 15 U.S.C. § 1635.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

198.    Defendants have violated TILA, with respect to the White Loan, in at least the

following ways:

(A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B)  By failing to give proper notice of Plaintiffs' right to cancel the

transaction.

**ANSWER:  Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

WHEREFORE, Plaintiffs Michael and Shirley White respectfully request that this Court enter judgment against Ameriquest and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)  Statutory damages as provided in 15 U.S.C. § 1640(a);

B)  Actual damages in an amount to be determined at trial;

C)  Rescission of the White Loan, including a declaration that the Plaintiffs are not liable for any finance charges or other charges imposed;

D)  A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)  Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)  A declaration that Plaintiffs have no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)  An award of reasonable attorney fees and costs; and

H)  Such other relief at law or equity as this Court may deem just and proper.

**ANSWER:  Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

- 61 -

## <u>AFFIRMATIVE DEFENSES</u>

1.      Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2.      Plaintiffs' claims are barred by the applicable statute of limitations.

3.      Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.      Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5.      Plaintiffs' claims are barred by the applicable statute of frauds.

6.      Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7.      Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.      Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9.      Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10.      Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11.      As to each cause of action, Defendant is entitled to an offset.

12.      Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13.      Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

15.     Plaintiffs' claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## PRAYER

Defendant prays this court to:

1.     Dismiss plaintiffs' Complaint;

2.     Enter judgment for defendant and against Plaintiffs in this action;

3.     Award Defendant its costs of suit; and

4.     Grant Defendant any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED:  August 18, 2008                   By:  /s/ Bernard E. LeSage

*Attorneys for CitiFinancial Mortgage Company, Inc.  n/k/a CitiMortgage Inc.*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

## <u>CERTIFICATE OF SERVICE</u>

I, Bernard E. LeSage, hereby certify that on this 18th day of August 2008, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

By:  _____/s/  Bernard E. LeSage_____