**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: | |
| *William Champion, et al. v. Ameriquest Mortgage Company, Inc., et al.*; Case No. 08-cv-410 | |

**DEFENDANT ACC CAPITAL HOLDINGS CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant ACC CAPITAL HOLDINGS CORPORATION ("Defendant"), by and through its attorneys, answers the Complaint of Plaintiffs WILLIAM and JACKIE CHAMPION; QUINCY L. ALEXANDER; BRENDA L. BRYANT; SCOTT DAVIS; NELSON and CELIA DUPREE; DONNA GUNN; THOMAS E. JORDAN, SR.; JENNIFER H. LOVE; RHONDA M. McCLOUD f/k/a RHONDA D. MALOY; JOHN B. PARKER; JOHNNY PITTS; STEPHEN and RITA RUTLAND; LARRY and MILDRED TOWNSEND; MICHAEL and SHIRLEY WHITE ("Plaintiffs") as follows.

**COMPLAINT**

COME NOW the Plaintiffs and as their Complaint against the defendants aver as follows:

**INTRODUCTION**

1.       This suit is brought by a number of consumers residing in this district who entered into mortgage loans with one of the defendants, either Ameriquest Mortgage Company ("Ameriquest") or AMC Mortgage Services, Inc. ("AMC"). Some of these loans were subsequently assigned to the other defendants. Each of the Plaintiffs asserts claims against

- 1 -

Defendant Ameriquest and/or Defendant AMC arising under the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. All of the Plaintiffs' claims arise from the same general conduct, seek the same relief, rely upon the same legal theories, require application of the same legal principals and require the same or similar factual determinations. Each of the Plaintiffs alleges that Ameriquest and/or AMC, the originator of each of the Plaintiffs' loans, failed to make accurate disclosures as required under TILA. Specifically, Ameriquest and/or AMC failed to provide adequate notice of Plaintiffs' statutory right to cancel the transactions. As a consequence of the failure to provide adequate notice of the right to cancel, Plaintiffs have retained the right to cancel the transactions. Each Plaintiff has exercised that right by delivering written notice of an election to cancel in accordance with the requirements of TILA. As to each of the Plaintiffs, Ameriquest and/or other defendants have wrongfully failed to recognize the rescission and failed to comply with its other TILA obligations with respect to Plaintiffs' loan cancellations. Plaintiffs seek a court determination that their loan transactions have been rescinded. Plaintiffs also seek statutory and actual damages for violations of TILA, plus attorney's fees and costs.

**ANSWER:** **Defendant admits that Plaintiffs have filed a lawsuit against Ameriquest. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs. Defendant specifically denies that it violated the Truth in Lending Act and 15 U.S.C. § 1635 or any other law.**

## JURISDICTION

2.      This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331.

**ANSWER:** **Defendant does not contest subject matter jurisdiction. Defendant denies the remaining allegations in the paragraph.**

## THE PARTIES

3.      Plaintiffs are all of full age of majority and reside in this district.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

4.    Defendant Ameriquest Mortgage Company ("Ameriquest") is a foreign corporation with its principal place of business in Orange, California.  At all relevant times, Ameriquest was engaged in the making and/or selling of federally related residential mortgage loans.  Ameriquest does business in this district by making, holding and/or selling loans secured by residential real property within this district.

**ANSWER:**    **Defendant admits that Ameriquest Mortgage Company is a corporation, that it is incorporated in a state other than Illinois and that its main offices are located in Orange, California.  Defendant admits that at the time the Plaintiffs entered into their loans, Defendant Ameriquest Mortgage Company was in the business of originating loans secured by mortgages. Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

5.    Defendant AMC Mortgage Services, Inc. ("AMC") is a foreign corporation with its principal place of business in California.  It is a wholly-owned subsidiary of ACC Capital Holdings Corporation.  AMC Mortgage Services, Inc. at one point serviced some or all of the Plaintiffs' mortgages that were originated by Ameriquest and/or AMC.

**ANSWER:**    **Defendant admits that AMC Mortgage Services, Inc. is a corporation, that its main offices are located in California, and that it services certain of the loans originated by Ameriquest Mortgage Company.**

6.    Defendant ACC Capital Holdings Corporation ("ACC") is a foreign corporation with its principal place of business in California, and is the parent company for Ameriquest Mortgage Company and AMC Mortgage Services, Inc.

**ANSWER:**    **Defendant admits that ACC is a corporation and that its main offices are located in California.  Defendant does not object to service.**

7.    Defendant Citi Residential Lending, Inc. ("Citi") is a foreign corporation with its principal place of business in California, and upon information and belief is currently servicing,

or has otherwise obtained the loans of William and Jackie Champion, Quincy Alexander, Brenda L. Bryant, Nelson and Celia Dupree, Donna Gunn, Thomas E. Jordan, Sr., Jennifer H. Love, Rhonda M. McCloud f/k/a Rhonda D. Maloy, John B. Parker, Johnny Pitts, Stephen and Rita Rutland, and Michael and Shirley White, and claims the right to receive payments thereunder and does business in this district. Citi purchased AMC, therefore as the transferee of Plaintiffs' mortgages, Citi can be held responsible for the liabilities of the transferor.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

8.      Defendant Citifinancial Mortgage ("Citifinancial") is a foreign corporation with its principal place of business in Texas, and upon information and belief is currently servicing, or has otherwise obtained the loan of Larry and Mildred Townsend, and claims the right to receive payments thereunder and does business in this district.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

9.      Defendant America's Servicing Company ("ASC") is a foreign corporation with its principal place of business in Iowa, and upon information and belief is currently servicing, or has otherwise obtained the loan of Scott Davis, and claims the right to receive payments thereunder and does business in this district.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

## FACTS

**Applicable Truth in Lending Act Requirements**

10.     Each of the Plaintiffs' loans is subject to the federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., ("TILA") and its implementing regulations, 12 C.F.R. Part 226 ("Reg. Z").

TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions. This three-day right to cancel applies to each of the Plaintiffs' loans.

**ANSWER:**    **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

11.    Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction;" (2) the "delivery of the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA.  Section 1635(a) requires that each borrower, or any other person whose home ownership interest may be compromised by a credit transaction, must receive two (2) copies of completed notices specifying the precise day upon which the cancellation period expires.  12 C.F.R. § 226.23(b)(1) (emphasis added).  This notice is required to be on a separate piece of paper and it must contain the date the rescission period ends.  12 C.F.R. § 226.23(b)(1).  If the required notice of cancellation is not provided, then the right to cancel extends up to three years after the date of the loan.  15 U.S.C. § 1635(f).

**ANSWER:**    **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

12.    The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

**ANSWER:**    **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

13.    A consumer may exercise the right to cancel a transaction by delivery of a written notification of the consumer's election to cancel the transaction to the creditor's place of business.  Notice is effective upon mailing and notice on the agent servicing the loan is effective notice on the holder of the mortgage.  12 C.F.R. § 226.23(a)(2).

**ANSWER:**    **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

14.    When a consumer rescinds a transaction, the security interest giving rise to the right of rescission immediately becomes void and the consumer is not liable for any amount, including any finance charge.  15 U.S.C. § 1635(b).

**ANSWER:**    **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

15.    Within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and shall take all action necessary or appropriate to reflect the termination of any security interest created under the transaction.  15 U.S.C. § 1635(b); 12 C.F.R. § 226.23(d).  Upon and after performance of the creditor's aforementioned obligations under 15 U.S.C. § 1635(b), including the voiding of the security interest and return to the borrower of all money received from the borrower, the borrower may have an obligation to tender the loan proceeds to the creditor to the extent practicable or equitable.

**ANSWER:**    **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

16.    As to Plaintiffs Quincy Alexander's loan, Scott Davis' loan, Donna Gunn's loan, and Rhonda M. McCloud's loan, Ameriquest failed to provide the required notices of the Plaintiff's right to cancel.  The form notices that were supplied to Plaintiffs were blank, unsigned, and not dated.  At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

**ANSWER:**    **The documents speak for themselves; therefore, no answer is required.  To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

17.    As to Plaintiffs William and Jackie Champion's loan, Brenda L. Bryant's loan, Nelson and Celia Dupree's loan, Thomas E. Jordan, Sr.'s loan, Jennifer H. Love's loan, John B. Parker's loan, Johnny Pitts' loan, Stephen and Rita Rutland's loan, Larry and Mildred Townsend's loan, and Michael and Shirley White's loan, Ameriquest failed to provide the

correct number of completed right to cancel forms as required under the statute.  At no point at or after closing were Plaintiffs provided with the correct number of completed right to cancel forms.

**ANSWER:**    **The documents speak for themselves; therefore, no answer is required.  To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

18.    With respect to some of the Plaintiffs' loans, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.  The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned and undated.

**ANSWER:**    **The documents speak for themselves; therefore, no answer is required.  To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

19.    Pursuant to TILA, 15 U.S.C. § 1635(b), Plaintiffs have retained a right to rescind their mortgage with respect to their loan with Ameriquest and/or AMC.

**ANSWER:**    **To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

20.    Each of the Plaintiffs have exercised the right to cancel the transaction and has notified Ameriquest, and also Citi along with Citifinancial and ASC for some of the loans, of the election to cancel as required by 15 U.S.C. § 1635.  As to each of the Plaintiffs, Ameriquest, Citi, Citifinancial and/or ASC has failed to take steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loans.

**ANSWER:**    **To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

21.    Ameriquest, Citi, Citifinancial and ASC are a "creditor" as that term is defined at 15 U.S.C. 1602(f).

**ANSWER:    To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

**The Champion Loan**

22.    Plaintiffs William and Jackie Champion are adult residents of Elmore County, Alabama and at all material times resided at 1372 Myrick Road in Elmore, Alabama.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

23.    On or about June 1, 2005, Mr. and Mrs. Champion obtained a residential real estate mortgage loan with Ameriquest.  The total amount of the loan was $148,500.00 and was secured by a mortgage security interest in Plaintiffs' home.  (This loan is hereafter referred to as the "Champion Loan").

**ANSWER:    The documents speak for themselves; therefore, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

24.    Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute.  At no point at or after closing were Plaintiffs provided with the correct number of completed right to cancel forms.

**ANSWER:    The documents speak for themselves; therefore, no answer is required.  To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

25.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. and Mrs. Champion retained their right to cancel the transaction.

**ANSWER:    To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

26.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

27.     By letter dated April 17, 2008, Plaintiffs, through their attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:     The documents speak for themselves; therefore, no answer is required.  To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

28.     The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

**ANSWER:     To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

29.     Despite having received notice of Plaintiffs' election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

**ANSWER:     To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

30.     Ameriquest, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in the real estate used by Plaintiffs as their principal dwelling.

**ANSWER:     Defendant admits that at all times relevant to this action, Defendant Ameriquest Mortgage Company was in the business of originating loans secured by mortgages.**

## COUNT ONE

**TILA Violations-Champion**

31.     Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

**ANSWER:** **Defendant restates its answers to Paragraphs 1-31 in answer to this paragraph.**

32.     Plaintiffs have properly and effectively cancelled and rescinded the Champion Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

33.     Defendants have violated TILA, with respect to the Champion Loan, in at least the following ways:

(A)     By failing to take actions after rescission as required by 15 U.S.C.§ 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B)     By failing to give proper notice of Plaintiffs' right to cancel the transaction.

**ANSWER:** **The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

**The Alexander Loan**

34.     Plaintiff Quincy Alexander is an adult resident of Russell County, Alabama and at all material times resided at 1507 8th Place, South in Phoenix City, Alabama.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

35.     On or about April 23, 2005, Mr. Alexander obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $81,450.00 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Alexander Loan").

**ANSWER:**    **The documents speak for themselves; therefore, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

36.    Ameriquest failed to provide the required notices of the Plaintiff's right to cancel his loan.  The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of his right to cancel the transaction.

**ANSWER:**    **The documents speak for themselves; therefore, no answer is required.  To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiff.**

37.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. Alexander retained his right to cancel the transaction.

**ANSWER:**    **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

38.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

39.    By letter dated March 26, 2008, Plaintiff, through his attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**    **The documents speak for themselves; therefore, no answer is required.  To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiff.**

40.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U. S .C. § 1641(c).

**ANSWER:**    **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

41.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

**ANSWER:**    **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

42.    Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as his principal dwelling.

**ANSWER:**    **Defendant admits that at all times relevant to this action, Defendant Ameriquest Mortgage Company was in the business of originating loans secured by mortgages.**

## COUNT TWO

### TILA Violations-Alexander

43.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

**ANSWER:**    **Defendant restates its answers to Paragraphs 1-43 in answer to this paragraph.**

44.    Plaintiff has properly and effectively cancelled and rescinded the Alexander Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

**ANSWER:**    **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

45.    Defendants have violated TILA, with respect to the Alexander Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

- 12 -

(B)    By failing to give proper notice of Plaintiff's right to cancel the

transaction.

**ANSWER:    The documents speak for themselves; therefore, no answer is required.  To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiff.**

**The Bryant Loan**

46.    Plaintiff Brenda L. Bryant is an adult resident of Montgomery County, Alabama

and at all material times resided at 3208 Capwood Curve in Montgomery, Alabama.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

47.    On or about April 20, 2005, Ms. Bryant obtained a residential real estate mortgage

loan with Ameriquest.  The total amount of the loan was $63,000.00 and was secured by a

mortgage security interest in Plaintiff's home.  (This loan is hereafter referred to as the "Bryant

Loan").

**ANSWER:    The documents speak for themselves; therefore, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

48.    Ameriquest failed to provide the correct number of completed right to cancel

forms as required under the statute.  At no point at or after closing was Plaintiff provided with

the correct number of completed right to cancel forms.

**ANSWER:    The documents speak for themselves; therefore, no answer is required.  To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

49.    With respect to the Bryant loan, Ameriquest included in its closing papers a

document purporting to grant a "One-Week Cancellation Period."  That "notice" is inherently

inconsistent with the required notice and with the statutory cancellation period provided by

TILA.  The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual

statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned and undated.

> **ANSWER:**  **The documents speak for themselves; therefore, no answer is required.  To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiff.**

50.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Ms. Bryant retained her right to cancel the transaction.

> **ANSWER:**  **To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiff.**

51.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

> **ANSWER:**  **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

52.    By letter dated April 11, 2008, Plaintiff, through her attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

> **ANSWER:**  **To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiff.**

53.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

> **ANSWER:**  **To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiff.**

54.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a

violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

55.    Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as her principal dwelling.

**ANSWER:** **Defendant admits that at all times relevant to this action, Defendant Ameriquest Mortgage Company was in the business of originating loans secured by mortgages.**

## COUNT THREE

### TILA Violations-Bryant

56.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

**ANSWER:** **Defendant restates its answers to Paragraphs 1-56 in answer to this paragraph.**

57.    Plaintiff has properly and effectively cancelled and rescinded the Bryant Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

58.    Defendants have violated TILA, with respect to the Bryant Loan, in at least the following ways:

        (A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

        (B)    By failing to give proper notice of Plaintiff's right to cancel the transaction.

**ANSWER:**    **The documents speak for themselves; therefore, no answer is required.  To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiff.**

**The Davis Loan**

59.    Plaintiff Scott Davis is an adult resident of Montgomery County, Alabama and at all material times resided at 1908 Plum Street in Montgomery, Alabama.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

60.    On or about April 22, 2005, Mr. Davis obtained a residential real estate mortgage loan with Ameriquest.  The total amount of the loan was $83,398.00 and was secured by a mortgage security interest in Plaintiff's home.  (This loan is hereafter referred to as the "Davis Loan").

**ANSWER:**    **The documents speak for themselves; therefore, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

61.    Ameriquest failed to provide the required notices of the Plaintiff's right to cancel his loan.  The form notices that were supplied to the Plaintiff were blank, unsigned and not dated.  At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of his right to cancel the transaction.

**ANSWER:**    **The documents speak for themselves; therefore, no answer is required.  To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiff.**

62.    With respect to the Davis loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.  The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned and undated.

**ANSWER:**    **The documents speak for themselves; therefore, no answer is required.  To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiff.**

63.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. Davis retained his right to cancel the transaction.

**ANSWER:**    **To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiff.**

64.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by ASC.

**ANSWER:**    **To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiff.**

65.    By letter dated April 11, 2008, Plaintiff, through his attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**    **The documents speak for themselves; therefore, no answer is required.  To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiff.**

66.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

**ANSWER:**    **To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiff.**

67.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

68.    Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel,

retained a security interest in the real estate used by Plaintiff as his principal dwelling.

**ANSWER:** **Defendant admits that at all times relevant to this action, Defendant Ameriquest Mortgage Company was in the business of originating loans secured by mortgages.**

## COUNT FOUR

### TILA Violations-Davis

69.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

**ANSWER:** **Defendant restates its answers to Paragraphs 1-69 in answer to this paragraph.**

70.    Plaintiff has properly and effectively cancelled and rescinded the Davis Loan in

accordance with the rights and procedure set out in 15 U.S.C. § 1635.

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

71.    Defendants have violated TILA, with respect to the Davis Loan, in at least the

following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. §

1635(b), including the steps necessary or appropriate to reflect the

termination of the security interest and returning all money paid by

Plaintiff in connection with the loan; and

(B)    By failing to give proper notice of Plaintiff's right to cancel the

transaction.

**ANSWER:** **The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

**The Dupree Loan**

72.    Plaintiffs Nelson and Celia Dupree are adult residents of Montgomery County, Alabama and at all material times resided at 5688 Carriage Brook Road in Montgomery, Alabama.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

73.    On or about September 9, 2006, Mr. and Mrs. Dupree obtained a residential real estate mortgage loan with AMC.  The total amount of the loan was $125,400.00 and was secured by a mortgage security interest in Plaintiffs' home.  (This loan is hereafter referred to as the "Dupree Loan").

**ANSWER:    The documents speak for themselves; therefore, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

74.    AMC failed to provide the correct number of completed right to cancel forms as required under the statute.  At no point at or after closing were Plaintiffs provided with the correct number of completed right to cancel forms.

**ANSWER:    The documents speak for themselves; therefore, no answer is required.  To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

75.    With respect to the Dupree loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.  The "One-Week" "notice" is confusing, has the effect of obscuring the borrowers' actual statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned and undated.

**ANSWER:    The documents speak for themselves; therefore, no answer is required.  To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

76.    As a result of AMC's failure to provide the notices and disclosures required by TILA, Mr. and Mrs. Dupree retained their right to cancel the transaction.

**ANSWER:**    **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

77.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

78.    By letter dated April 11, 2008, Plaintiffs, through their attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**    **The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

79.    The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

**ANSWER:**    **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

80.    Despite having received notice of Plaintiffs' election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

**ANSWER:**    **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

81.    AMC, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in the real estate used by Plaintiffs as their principal dwelling.

**ANSWER:    Defendant admits that at all times relevant to this action, Defendant Ameriquest Mortgage Company was in the business of originating loans secured by mortgages.**

## COUNT FIVE

### TILA Violations-Dupree

82.    Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

**ANSWER:    Defendant restates its answers to Paragraphs 1-82 in answer to this paragraph.**

83.    Plaintiffs have properly and effectively cancelled and rescinded the Dupree Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

**ANSWER:    To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

84.    Defendants have violated TILA, with respect to the Dupree Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B)    By failing to give proper notice of Plaintiffs' right to cancel the transaction.

**ANSWER:    The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

**The Gunn Loan**

85.    Plaintiff Donna Gunn is an adult resident of Montgomery County, Alabama and at all material times resided at 4312 Mabson Drive in Montgomery, Alabama.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

86.    On or about September 6, 2005, Ms. Gunn obtained a residential real estate mortgage loan with Ameriquest.  The total amount of the loan was $151,200.00 and was secured by a mortgage security interest in Plaintiff's home.  (This loan is hereafter referred to as the "Gunn Loan").

**ANSWER:**    **The documents speak for themselves; therefore, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

87.    Ameriquest failed to provide the required notices of the Plaintiff's right to cancel her loan.  The form notices that were supplied to the Plaintiff were blank, unsigned and not dated.  At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

**ANSWER:**    **The documents speak for themselves; therefore, no answer is required.  To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiff.**

88.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Ms. Gunn retained her right to cancel the transaction.

**ANSWER:**    **To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiff.**

89.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

90.    By letter dated March 3, 2008, Plaintiff, through her attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**   **The documents speak for themselves; therefore, no answer is required.  To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiff.**

91.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

**ANSWER:**   **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

92.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

**ANSWER:**   **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

93.    Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as her principal dwelling.

**ANSWER:**   **Defendant admits that at all times relevant to this action, Defendant Ameriquest Mortgage Company was in the business of originating loans secured by mortgages.**

## COUNT SIX

### TILA Violations-Gunn

94.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

**ANSWER:**   **Defendant restates its answers to Paragraphs 1-94 in answer to this paragraph.**

95.    Plaintiff has properly and effectively cancelled and rescinded the Gunn Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

**ANSWER:**   **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

96.     Defendants have violated TILA, with respect to the Gunn Loan, in at least the following ways:

> (A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and
>
> (B)     By failing to give proper notice of Plaintiff's right to cancel the transaction.

**ANSWER:     The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

**The Jordan Loan**

97.     Plaintiff Thomas E. Jordan, Sr. is an adult resident of Montgomery County, Alabama and at all material times resided at 3538 Vaughan Road in Montgomery, Alabama.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

98.     On or about November 11, 2005, Mr. Jordan obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $275,500.00 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Jordan Loan").

**ANSWER:     The documents speak for themselves; therefore, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

99.     Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute. At no point at or after closing was Plaintiff or his spouse provided with the correct number of completed right to cancel forms.

**ANSWER:     The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

100.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. Jordan retained his right to cancel the transaction.

**ANSWER:**    **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

101.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

102.    By letter dated April 11, 2008, Plaintiff, through his attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**    **The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

103.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U. S .C. § 1641(c).

**ANSWER:**    **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

104.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

**ANSWER:**    **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

105.    Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as his principal dwelling.

**ANSWER:    Defendant admits that at all times relevant to this action, Defendant Ameriquest Mortgage Company was in the business of originating loans secured by mortgages.**

## COUNT SEVEN

### TILA Violations-Jordan

106.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

**ANSWER:    Defendant restates its answers to Paragraphs 1-106 in answer to this paragraph.**

107.    Plaintiff has properly and effectively cancelled and rescinded the Jordan Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

**ANSWER:    To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

108.    Defendants have violated TILA, with respect to the Jordan Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)    By failing to give proper notice of Plaintiff's right to cancel the transaction.

**ANSWER:    The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

**The Love Loan**

109.    Plaintiff Jennifer H. Love is an adult resident of Elmore County, Alabama and at all material times resided at 223 Denise Drive in Prattville, Alabama.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

110.    On or about September 22, 2005, Mrs. Love obtained a residential real estate mortgage loan with Ameriquest.  The total amount of the loan was $80,155.00 and was secured by a mortgage security interest in Plaintiff's home.  (This loan is hereafter referred to as the "Love Loan").

**ANSWER:** **The documents speak for themselves; therefore, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

111.    Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute.  At no point at or after closing was Plaintiff or her spouse provided with the correct number of completed right to cancel forms.

**ANSWER:** **The documents speak for themselves; therefore, no answer is required.  To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiff.**

112.    With respect to the Love loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.  The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned and undated.

**ANSWER:** **The documents speak for themselves; therefore, no answer is required.  To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiff.**

113.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mrs. Love retained her right to cancel the transaction.

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiff.**

114.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

115.    By letter dated April 24, 2008, Plaintiff, through her attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:    The documents speak for themselves; therefore, no answer is required.  To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiff.**

116.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

**ANSWER:    To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

117.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

**ANSWER:    To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

118.    Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as her principal dwelling.

**ANSWER:    Defendant admits that at all times relevant to this action, Defendant Ameriquest Mortgage Company was in the business of originating loans secured by mortgages.**

## COUNT EIGHT

**TILA Violations-Love**

119.     Plaintiff realleges all the preceding allegations referenced as if set out here in full.

**ANSWER:     Defendant restates its answers to Paragraphs 1-119 in answer to this paragraph.**

120.     Plaintiff has properly and effectively cancelled and rescinded the Love Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

**ANSWER:     To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

121.     Defendants have violated TILA, with respect to the Love Loan, in at least the following ways:

> (A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

> (B)     By failing to give proper notice of Plaintiff's right to cancel the transaction.

**ANSWER:     The documents speak for themselves; therefore, no answer is required.  To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiff.**

**The McCloud Loan**

122.     Plaintiff Rhonda M. McCloud f/k/a Rhonda D. Maloy is an adult resident of Macon County, Alabama and at all material times resided at 200 Redland Road in Shorter, Alabama.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

123.    On or about July 20, 2005, Mrs. McCloud obtained a residential real estate mortgage loan with Ameriquest.  The total amount of the loan was $64,600.00 and was secured by a mortgage security interest in Plaintiff's home.  (This loan is hereafter referred to as the "McCloud Loan").

**ANSWER:    The documents speak for themselves; therefore, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

124.    Ameriquest failed to provide the required notices of the Plaintiff's right to cancel her loan.  The form notices that were supplied to the Plaintiff were blank, unsigned and not dated.  At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

**ANSWER:    The documents speak for themselves; therefore, no answer is required.  To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

125.    With respect to the McCloud loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.  The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned and undated.

**ANSWER:    The documents speak for themselves; therefore, no answer is required.  To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

126.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mrs. McCloud retained her right to cancel the transaction.

**ANSWER:    To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

127.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

128.    By letter dated April 9, 2008, Plaintiff, through her attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:    The documents speak for themselves; therefore, no answer is required.  To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

129.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

**ANSWER:    To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

130.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

**ANSWER:    To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

131.    Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as her principal dwelling.

**ANSWER:    Defendant admits that at all times relevant to this action, Defendant Ameriquest Mortgage Company was in the business of originating loans secured by mortgages.**

## COUNT NINE

### TILA Violations-McCloud

132.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

**ANSWER:**    **Defendant restates its answers to Paragraphs 1-132 in answer to this paragraph.**

133.    Plaintiff has properly and effectively cancelled and rescinded the McCloud Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

**ANSWER:**    **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

134.    Defendants have violated TILA, with respect to the McCloud Loan, in at least the following ways:

  (A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

  (B)    By failing to give proper notice of Plaintiffs right to cancel the transaction.

**ANSWER:**    **The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

**The Parker Loan**

135.    Plaintiff John B. Parker is an adult resident of Autuaga County, Alabama and at all material times resided at 431 Water Street in Prattville, Alabama.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

136.    On or about March 21, 2005, Mr. Parker obtained a residential real estate mortgage loan with Ameriquest.  The total amount of the loan was $61,200.00 and was secured

by a mortgage security interest in Plaintiff's home.  (This loan is hereafter referred to as the "Parker Loan").

**ANSWER:** **The documents speak for themselves; therefore, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

137.    Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute.  At no point at or after closing was Plaintiff or his spouse provided with the correct number of completed right to cancel forms.

**ANSWER:** **The documents speak for themselves; therefore, no answer is required.  To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiff.**

138.    With respect to the Parker loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.  The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned and undated.

**ANSWER:** **The documents speak for themselves; therefore, no answer is required.  To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiff.**

139.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. Parker retained his right to cancel the transaction.

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

140.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

141.    By letter dated March 14, 2008, Plaintiff, through his attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**    **The documents speak for themselves; therefore, no answer is required.  To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiff.**

142.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

**ANSWER:**    **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

143.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

**ANSWER:**    **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

144.    Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as his principal dwelling.

**ANSWER:**    **Defendant admits that at all times relevant to this action, Defendant Ameriquest Mortgage Company was in the business of originating loans secured by mortgages.**

## COUNT TEN

### TILA Violations-Parker

145.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

**ANSWER:**    **Defendant restates its answers to Paragraphs 1-145 in answer to this paragraph.**

146.   Plaintiff has properly and effectively cancelled and rescinded the Parker Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

**ANSWER:**   **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

147.   Defendants have violated TILA, with respect to the Parker Loan, in at least the following ways:

(A)   By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)   By failing to give proper notice of Plaintiff's right to cancel the transaction.

**ANSWER:**   **The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

**The Pitts Loan**

148.   Plaintiff Johnny Pitts is an adult resident of Lee County, Alabama and at all material times resided at 6105 Lee Road 390 in Opelika, Alabama.

**ANSWER:**   **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

149.   On or about September 9, 2005, Mr. Pitts obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $126,000.00 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Pitts Loan").

**ANSWER:**   **The documents speak for themselves; therefore, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

150.    Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute.  At no point at or after closing was Plaintiff or his spouse provided with the correct number of completed right to cancel forms.

**ANSWER:    The documents speak for themselves; therefore, no answer is required.  To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiff.**

151.    With respect to the Pitts loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.  The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned and undated.

**ANSWER:    The documents speak for themselves; therefore, no answer is required.  To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiff.**

152.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. Pitts retained his right to cancel the transaction.

**ANSWER:    To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiff.**

153.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

154.    By letter dated April 17, 2008, Plaintiff, through his attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**    **The documents speak for themselves; therefore, no answer is required.  To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiff.**

155.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

**ANSWER:**    **To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiff.**

156.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

**ANSWER:**    **To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiff.**

157.    Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as his principal dwelling.

**ANSWER:**    **Defendant admits that at all times relevant to this action, Defendant Ameriquest Mortgage Company was in the business of originating loans secured by mortgages.**

### COUNT ELEVEN

### TILA Violations-Pitts

158.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

**ANSWER:**    **Defendant restates its answers to Paragraphs 1-158 in answer to this paragraph.**

159.    Plaintiff has properly and effectively cancelled and rescinded the Pitts Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

**ANSWER:**    **To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiff.**

160.    Defendants have violated TILA, with respect to the Pitts Loan, in at least the following ways:

       (A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

       (B)    By failing to give proper notice of Plaintiff's right to cancel the transaction.

**ANSWER:    The documents speak for themselves; therefore, no answer is required.  To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiff.**

**The Rutland Loan**

161.    Plaintiffs Stephen and Rita Rutland are adult residents of Lee County, Alabama and at all material times resided at 1121 Overwood Place in Auburn, Alabama.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

162.    On or about March 14, 2006, Mr. and Mrs. Rutland obtained a residential real estate mortgage loan with Ameriquest.  The total amount of the loan was $121,000.00 and was secured by a mortgage security interest in Plaintiffs' home.  (This loan is hereafter referred to as the "Rutland Loan").

**ANSWER:    The documents speak for themselves; therefore, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

163.    Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute.  At no point at or after closing were Plaintiffs provided with the correct number of completed right to cancel forms.

**ANSWER:    The documents speak for themselves; therefore, no answer is required.  To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

164.    With respect to the Rutland loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrowers' actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

**ANSWER:**    **The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

165.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. and Mrs. Rutland retained their right to cancel the transaction.

**ANSWER:**    **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

166.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

167.    By letter dated April 17, 2008, Plaintiffs, through their attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**    **The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

168.    The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U. S .C. § 1641(c).

**ANSWER:**    **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

169.    Despite having received notice of Plaintiffs' election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

**ANSWER:**    **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

170.    Ameriquest, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in the real estate used by Plaintiffs as their principal dwelling.

**ANSWER:**    **Defendant admits that at all times relevant to this action, Defendant Ameriquest Mortgage Company was in the business of originating loans secured by mortgages.**

## COUNT TWELVE

### TILA Violations-Rutland

171.    Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

**ANSWER:**    **Defendant restates its answers to Paragraphs 1-171 in answer to this paragraph.**

172.    Plaintiffs have properly and effectively cancelled and rescinded the Rutland Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

**ANSWER:**    **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

173.    Defendants have violated TILA, with respect to the Rutland Loan, in at least the following ways:

> (A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B)     By failing to give proper notice of Plaintiffs' right to cancel the

transaction.

**ANSWER:**     **The documents speak for themselves; therefore, no answer is required.  To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

**The Townsend Loan**

174.     Plaintiffs Larry and Mildred Townsend are adult residents of Autauga County,

Alabama and at all material times resided at 1905 Holly Brook Lane in Prattville, Alabama.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

175.     On or about December 15, 2005, Mr. and Mrs. Townsend obtained a residential

real estate mortgage loan with AMC.  The total amount of the loan was $319,500.00 and was

secured by a mortgage security interest in Plaintiffs' home.  (This loan is hereafter referred to as

the "Townsend Loan").

**ANSWER:**     **The documents speak for themselves; therefore, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

176.     AMC failed to provide the correct number of completed right to cancel forms as

required under the statute.  At no point at or after closing were Plaintiffs provided with the

correct number of completed right to cancel forms.

**ANSWER:**     **The documents speak for themselves; therefore, no answer is required.  To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

177.     As a result of AMC's failure to provide the notices and disclosures required by

TILA, Mr. and Mrs. Townsend retained their right to cancel the transaction.

**ANSWER:**     **To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

178.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citifinancial Mortgage.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

179.    By letter dated April 11, 2008, Plaintiffs, through their attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**    **The documents speak for themselves; therefore, no answer is required.  To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

180.    The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

**ANSWER:**    **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

181.    Despite having received notice of Plaintiffs' election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

**ANSWER:**    **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

182.    AMC, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in the real estate used by Plaintiffs as their principal dwelling.

**ANSWER:**    **Defendant admits that at all times relevant to this action, Defendant Ameriquest Mortgage Company was in the business of originating loans secured by mortgages.**

## COUNT THIRTEEN

### TILA Violations-Townsend

183.    Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

**ANSWER:    Defendant restates its answers to Paragraphs 1-183 in answer to this paragraph.**

184.    Plaintiffs have properly and effectively cancelled and rescinded the Townsend Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

**ANSWER:    To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

185.    Defendants have violated TILA, with respect to the Townsend Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B)    By failing to give proper notice of Plaintiffs' right to cancel the transaction.

**ANSWER:    The documents speak for themselves; therefore, no answer is required.  To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

**The White Loan**

186.    Plaintiffs Michael and Shirley White are adult residents of Macon County, Alabama and at all material times resided at 2825 Heritage Hill Road in Tuskegee, Alabama.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

187.    On or about April 19, 2005, Mr. and Mrs. White obtained a residential real estate mortgage loan with Ameriquest.  The total amount of the loan was $177,300.00 and was secured

by a mortgage security interest in Plaintiffs' home.  (This loan is hereafter referred to as the "White Loan").

**ANSWER:** **The documents speak for themselves; therefore, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

188.    Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute.  At no point at or after closing were Plaintiffs provided with the correct number of completed right to cancel forms.

**ANSWER:** **The documents speak for themselves; therefore, no answer is required.  To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

189.    With respect to the White loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.  The "One-Week" "notice" is confusing, has the effect of obscuring the borrowers' actual statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned and undated.

**ANSWER:** **The documents speak for themselves; therefore, no answer is required.  To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

190.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. and Mrs. White retained their right to cancel the transaction.

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

191.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

192.    By letter dated April 11, 2008, Plaintiffs, through their attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**    **The documents speak for themselves; therefore, no answer is required.  To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

193.    The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

**ANSWER:**    **To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

194.    Despite having received notice of Plaintiffs' election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

**ANSWER:**    **To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

195.    Ameriquest, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in the real estate used by Plaintiffs as their principal dwelling.

**ANSWER:**    **Defendant admits that at all times relevant to this action, Defendant Ameriquest Mortgage Company was in the business of originating loans secured by mortgages.**

### COUNT FOURTEEN

### TILA Violations-White

196.    Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

**ANSWER:**    **Defendant restates its answers to Paragraphs 1-196 in answer to this paragraph.**

197.    Plaintiffs have properly and effectively cancelled and rescinded the White Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

**ANSWER:    To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

198.    Defendants have violated TILA, with respect to the White Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B)    By failing to give proper notice of Plaintiffs' right to cancel the transaction.

**ANSWER:    The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

## AFFIRMATIVE DEFENSES

1.    Plaintiffs' purported causes of action fail to state a claims upon which relief may be granted.

2.    Plaintiffs' claims are barred by the applicable statute of limitations.

3.    Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.    Plaintiffs' claims are barred in whole or in part, on the ground that if any law was violated in any manner whatsoever, such violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

5.    Defendant alleges that at all times relevant to this action Defendant acted within the course and scope of reasonable commercial standards and legitimate business transactions.

6.    Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

7.    Defendant alleges that no officer, director, or managing agent of Defendant ratified the conduct alleged by Plaintiffs.

8.    Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

9.    Plaintiffs' claims are barred in whole or in part, because Plaintiffs misrepresented their credit, income or other information association with obtaining the loan.

10.    Plaintiffs' claims are barred or limited because pursuant to 15 U.S.C. § 1640(c) the violations alleged were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

11.    Plaintiffs are not entitled to rescind the mortgage loan under the Truth in Lending Act, or to obtain any statutory damages because all required disclosures and notices were accurately and timely made, and even if the disclosures were inaccurate, the inaccuracies are within the applicable tolerances.

12.    Plaintiffs are not entitled to statutory damages, or actual damages for failure to rescind, because no alleged disclosure error is apparent on the face of the disclosure documents.

13.    If it should be deemed that Plaintiffs are entitled to rescission, any obligation on the part of the holder of the loan to rescind the mortgage loan at issue in this lawsuit and release the lien on the subject property must be conditioned upon Plaintiffs' reimbursement or other return to the holder of the loan of all funds disbursed on Plaintiffs' behalf in connection with the subject mortgage loan, less any finance charges, pursuant to 15 U.S.C. § 1605(b) and/or other rules of law or equity.  Any obligation on the part of the holder of the loan to rescind and to release any lien is conditioned upon Plaintiffs reimbursing or otherwise returning all funds

disbursed on their behalf to the holder of the loan in connection with the subject loan, less any finance charges.

14.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

WHEREFORE, Defendant requests that this Court enter judgment in its favor and against Plaintiffs, award Defendant its costs, and provide such further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED:  August 26, 2008                   By:  /s/ Bernard E. LeSage
                                          *Attorneys for ACC Capital Holdings*
                                          *Corporation*

                                          Bernard E. LeSage, Esq.
                                          Sarah K. Andrus, Esq.
                                          BUCHALTER NEMER, a P.C.
                                          1000 Wilshire Boulevard, Suite 1500
                                          Los Angeles, CA 90017-2457
                                          Telephone: (213) 891-0700
                                          Facsimile: (213) 896-0400

## <u>CERTIFICATE OF SERVICE</u>

I, Bernard E. LeSage, hereby certify that on this 26th day of August 2008, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


By: _____/s/  Bernard E. LeSage_____